# Black, Appellant, v. Rinn.

*Principal and agent—Commissions for the sale of land—Evidence.*

In an action to recover commissions for the sale of land alleged to have been earned under an oral agreement with the defendant, the plaintiff will not be permitted to offer in evidence letters written to and by him relating to the land, prior to the verbal agreement, and when he himself had an option from the defendant to purchase the land.

Argued Oct. 22, 1909. Appeal, No. 135, Oct. T., 1909, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., Oct. T.,

1904, No. 521, on verdict for defendants in case of Alex. D. Black and Milton I. Baird, trading as Black & Baird, for use of Milton I. Baird v. S. A. Rinn and H. G. Bowers, trading as The Gaskill Coal Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

*Assumpsit to recover commissions for the sale of land.* Before BROWN, J.

At the trial the court refused under objection and exception to admit in evidence certain letters written to and by the plaintiffs and particularly referred to in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were (11–13) ruling on evidence as above, quoting the bill of exceptions.

*Harvey A. Miller*, with him *U. G. Vogan*, for appellants.

*B. M. Clark*, with him *A. B. Reid*, for appellees.

PER CURIAM, January 3, 1810:

This was an action to recover a commission of $6,000 for the sale of the defendants' coal lands, alleged to be due under a verbal agreement between the parties. The main argument for the appellants is intended to show error at the trial in rejecting certain offers of testimony made by the plaintiffs. The plaintiffs averred in their statement of claim that on February 4, 1903, they were given by the defendants a written option to purchase the land within twenty days; that upon the expiration of that time the option was verbally extended; that on March 10, 1903, the defendants agreed verbally to pay them $6,000 if they would effect a sale of the land, and that in pursuance of this verbal agreement they effected a sale by bringing together the defendants and the parties who purchased from them. These allegations, except as to the option of February 4, were denied, and the issues at the trial were whether a verbal agreement for the payment of a commission

had been made and, if so, whether a sale had been effected in pursuance of it.

 The plaintiffs offered in evidence two letters written to them by the agent of the purchaser relating to the purchaser of the land, one dated February 25 and the other March 6, and a letter from the plaintiffs to the defendants dated January 28, relating to the same subject. The most that is claimed for these letters as evidence is that they corroborate the plaintiff's testimony that they are instrumental in bringing together the seller and the buyer. Whatever other valid objections there may be to these offers, they were properly rejected for the reason stated by the learned trial judge that the letters were all written before the verbal agreement for commission was alleged to have been made, and were entirely consistent with the right claimed by the plaintiffs under their option. The sole basis of the action was the verbal agreement of March 10. Proof of negotiations with prospective buyers before this time, when no relation of agency existed and the plaintiffs were acting on their own rights as owners of the option, was not competent.

The complaint that the charge was inadequate is without merit. The issues were very simple ones of fact, and they were stated with great clearness and precision in the charge, and no amount of elaboration could have made them more plain.

The judgment is affirmed.