# Bergner *v.* Kelley, Appellant.

*Brokers—Real estate—Commission—Case for jury.*

In an action for commissions earned in the sale of real estate, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the exact nature of the contract between the broker and the defendant.

In such case, evidence is admissible as to negotiations which the plaintiff had with certain parties relative to the real estate prior to the actual agreement fixing compensation, when the owner was informed of such negotiations.

Evidence of any knowledge of or negotiations in regard to the property, which the defendant might have had prior to the agreement with the plaintiff, was inadmissible, when he did not communicate such knowledge to the latter.

Argued March 11, 1925. Appeal, No. 9, March T., 1925, by defendant, from judgment of C. P. Dauphin Co., March T., 1922, No. 596, in the case of George Bergner *v.* John E. Kelley. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for commission on sale of real estate. Before Fox, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $439.47 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Horace A. Segelbaum,* for appellant.—It was error to admit evidence of the negotiations of the plaintiff prior to the oral agreement: Black v. Rinn, 226 Pa. 377; Dempsey v. Dobson, 174 Pa. 122; Whitney v. Haskell, 216 Pa. 622.

*Spencer G. Nauman,* and with him *W. S. T. Hurlock, Jr.,* for appellee, cited: Kradel v. Steele, 83 Pa. Superior Ct. 573; Kline v. Caplan, 84 Pa. Superior Ct. 220; Lieberman v. Colahan, 267 Pa. 102.

OPINION BY TREXLER, J., April 28, 1925:

George Bergner, the plaintiff, was a real estate agent and claims of the defendant the sum of $400 as commissions in securing property for him.   It will not be necessary to state all the facts.   The contention centered down to an alleged promise made by the defendant to pay the plaintiff $500 for services rendered, the defendant admitting that he owed the plaintiff the sum of $100 for which amount the judgment was entered, the suit proceeded for the sum of $400, the balance claimed by the plaintiff.   The jury found in favor of the plaintiff.

The first assignment of error is directed to the admission of the testimony of the plaintiff as what he had done and conversations he had with others relative to the property prior to the verbal agreement fixing his compensation.   The testimony started with the question: "Will you explain to the court and jury, in your own words and in detail, the negotiations in regard to that sale?"   There were frequent interruptions by defend-

ant's counsel. The court finally stated: "The question is whether it is relevant or not. If the information that he received......was communicated to Mr. Kelley we think it is relevant. If it is not, we will strike it out." Thus the proposition was put up to the defendant's attorney if such connection were not shown, the testimony would be stricken out. There was no motion made to do so and evidently there was acquiescence on the part of the attorney that as it appeared that Mr. Kelley was informed of what the plaintiff had learned, the testimony was relevant. Apart, however, from the fact that this assignment cannot be sustained because there was no proper exception taken in the court below, we think the testimony was relevant. There was an engagement by the defendant of the plaintiff's services. He was to look around for a property for him. The amount of his compensation had not been agreed upon, but the contractual relation began. The narrative of the plaintiff showed the inception of the negotiations and we think was competent. In the case of Black v. Rinn, 226 Pa. 377, relied upon by the appellant, the proof of negotiations with prospective buyers before the time of the agreement was excluded when no relations of agency existed and the plaintiffs were acting on their own rights as owners of the option, but that case differs from this, because in the instant case the agency started when the defendant asked the plaintiff to assist him in securing a property suitable for his needs. The definite fixing of the amount of his compensation subsequently did not make the testimony of what the agent had done previously in furtherance of his agency, incompetent.

The second assignment is directed to the refusal of the court below to allow the defendant to prove that prior to the time he entered into the agreement with the plaintiff he had been negotiating with George R. Barnett, Esq., for the purpose of purchasing the very property in question and had all the information pertaining thereto. This testimony could not affect the dispute be-

tween the parties. The knowledge of the defendant was not communicated to the plaintiff and, therefore, his statement in this regard would not throw any light as to what was in the minds of the parties to this contract. The contract must be ascertained from the conversations had between the parties.

The remaining assignment is directed to the charge of the court. It is stated that the learned trial judge presented prominently and favorably the plaintiff's side of the case and inadequately and less favorably the defendant's. We are not impressed with this. The judge referred to the plaintiff's narrative of what he had done and followed this by the statement that the defendant denied it, that his story was entirely different and then proceeded to tell what his version was. He told the jury that they should recall the testimony of Mrs. Kelley and further stated that she corroborated her husband. This was sufficient. We do not think it was necessary for him to state what the husband testified and then repeat in substance the same facts testified by Mrs. Kelley. If the defendant felt that the reference to the wife's testimony was inadequate, he should have called the court's attention to it.

All the assignments of error are overruled and the judgment is affirmed.